IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MALCOLM JALEEL MAHONE                                                                        PLAINTIFF

            v.                              Civil No. 14-5295

AMY DRIVER, Deputy Prosecuting
Attorney                                                                                                          DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action brought by the Plaintiff pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is currently incarcerated in the Washington County Detention Center.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

According to the allegations of the complaint and attachments, Plaintiff pled guilty to two counts of being an accomplice to theft of property. He was placed on a suspended sentence.

Plaintiff alleges that Amy Driver, a deputy prosecuting attorney, is attempting to revoke his suspended sentence. According to the "prosecutor's short report of circumstances," Plaintiff

-1-

violated the terms of his suspended sentence by committing a new offense of promoting prostitution and possession of an instrument of crime.[1]

**2. Discussion**

The PLRA, requires the Court to screen complaints for dismissal under 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The complaint is subject to dismissal. The deputy prosecuting attorney is immune from suit for monetary relief under § 1983. The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." Id., 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." Id., 424 U.S. at 430; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the Defendant Driver was engaged in traditional functions of an advocate when she filed the "prosecutor's short report of circumstances" and asked for Plaintiff's suspended sentence to

---

[1] Plaintiff submitted only a partial complaint. He did not submit the statement of the claim, set forth his claims for relief, and did not sign the complaint. However, allowing the Plaintiff to cure these defects would be futile. Plaintiff has described the actions taken by the Defendant on page 3 of the complaint and has submitted the prosecutor's short report of circumstances and it is clear from these documents that the Defendant is immune from suit.

be revoked. See also Brodnicki v. City of Omaha, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent the complaint seeks equitable relief, I find the claim not cognizable. While prosecutors are not immune from suit for injunctive or declaratory relief under § 1983, see Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 736-38 (1980), a plaintiff must show a serious risk of continuing irreparable harm and that no adequate remedy under state law exists. Pulliam, 466 U.S. at 538; see also Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975). Plaintiff has not alleged that he made any attempt to seek relief from the state courts.

Furthermore, federal courts, based on principles of federalism and comity, should abstain from intervening in ongoing state criminal proceedings absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-45 (1971). No extraordinary circumstances are alleged to exist in this case.

### 3. Conclusion

Accordingly, I recommend that the complaint be dismissed on the grounds that the Defendant is immune from suit, see 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time), and no cognizable claim for injunctive relief has been stated.

**The Plaintiff has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of December 2014.

                                        /s/ *Erin L. Setser*
                                        HON. ERIN L. SETSER
                                        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)